**JURY TRIAL DEMANDED**

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| VINCENT SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CORNELIUS COE | ) | |
| | ) | |
| Serve at: 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| BRAD ARTEAGA | ) | |
| | ) | |
| Serve at: 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| DON BROWN | ) | |
| | ) | |
| Serve at: 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| CARA SPENCER | ) | |
| | ) | |
| Serve at: 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| SONYA JENKINS | ) | |
| | ) | |
| Serve at: 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| EDWARD MCVEY | ) | |
| | ) | |
| Serve at: 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| CHRIS SARACINO | ) | |
| | ) | |
| Serve at: 1915 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Vincent Simmons, by and through undersigned counsel, and for his causes of action against Defendants states and alleges as follows:

### Parties

1.      Plaintiff Vincent Simmons is an individual, over the age of 18 and is a resident of the State of Missouri.

2.      Defendant Cornelius Coe (hereinafter "Defendant Coe") is an individual, over the age of 18 and is a resident of the State of Missouri. At all relevant times herein, Defendant Coe was a police officer with the St. Louis Missouri Police Department, was acting in the course and scope of his employment as a police officer with the St. Louis Missouri Police Department and was acting under the color of state law. Defendant Coe is being sued in his individual capacity and official capacity.

3.      Defendant Brad Artega is a member of the St. Louis Board of Police Commissioners and is being sued in his official capacity. At all relevant times, Defendant Artega was or is a member of the Board and as such had responsibility for the St. Louis City Police Department as well as for the officers who serve in that department including Defendant Coe. The Board had the full responsibility of managing the St. Louis City Police Department and more specifically, the hiring, promoting, training, supervising, disciplining and firing employees of the St. Louis City Police Department. The Board and its members are liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts, errors and/or omissions while the employees and officers are acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members.

2

4.      Defendant Don Brown is a member of the St. Louis Board of Police Commissioners and is being sued in his official capacity. At all relevant times, Defendant Brown was or is a member of the Board and as such had responsibility for the St. Louis City Police Department as well as for the officers who serve in that department including Defendant Coe. The Board had the full responsibility of managing the St. Louis City Police Department and more specifically, the hiring, promoting, training, supervising, disciplining and firing employees of the St. Louis City Police Department. The Board and its members are liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts, errors and/or omissions while the employees and officers are acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members.

5.      Defendant Cara Spencer is the mayor of the City of St. Louis and is a member of the St. Louis Board of Police Commissioners and is being sued in her official capacity. At all relevant times, Defendant Spencer was or is a member of the Board and as such had responsibility for the St. Louis City Police Department as well as for the officers who serve in that department including Defendant Coe. The Board had the full responsibility of managing the St. Louis City Police Department and more specifically, the hiring, promoting, training, supervising, disciplining and firing employees of the St. Louis City Police Department. The Board and its members are liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts, errors and/or omissions while the employees and officers are acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members.

6.      Defendant Sonya Jenkins-Gray is a member of the St. Louis Board of Police Commissioners and is being sued in her official capacity. At all relevant times, Defendant Jenkins-

3

Grey was or is a member of the Board and as such had responsibility for the St. Louis City Police Department as well as for the officers who serve in that department including Defendant Coe. The Board had the full responsibility of managing the St. Louis City Police Department and more specifically, the hiring, promoting, training, supervising, disciplining and firing employees of the St. Louis City Police Department. The Board and its members are liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts, errors and/or omissions while the employees and officers are acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members.

7.     Defendant Edward McVey is a member of the St. Louis Board of Police Commissioners and is being sued in his official capacity. At all relevant times, Defendant McVey was or is a member of the Board and as such had responsibility for the St. Louis City Police Department as well as for the officers who serve in that department including Defendant Coe. The Board had the full responsibility of managing the St. Louis City Police Department and more specifically, the hiring, promoting, training, supervising, disciplining and firing employees of the St. Louis City Police Department. The Board and its members are liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts, errors and/or omissions while the employees and officers are acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members.

8.     Defendant Chris Saracino is a member of the St. Louis Board of Police Commissioners and is being sued in his official capacity. At all relevant times, Defendant Saracino was or is a member of the Board and as such had responsibility for the St. Louis City Police Department as well as for the officers who serve in that department including Defendant Coe. The Board had the full responsibility of managing the St. Louis City Police Department and more

4

specifically, the hiring, promoting, training, supervising, disciplining and firing employees of the St. Louis City Police Department. The Board and its members are liable for damages caused by their respective employees and officers' intentional, wrongful, reckless and negligent acts, errors and/or omissions while the employees and officers are acting under color of state law and while they were acting within the course and scope of their employment with the Board and its members.

9.     Defendants Artega, Brown, Spencer, Jenkins-Gray, McVey and Saracino comprise the St. Louis Board of Police Commissioners which stands in the shoes of the City of St. Louis and controls the St. Louis Metropolitan Police Department pursuant to Mo. Rev. Stat. §84.325, and therefore, are subject to suit for violation of Plaintiff Vincent Simmons in their official capacities as members of the St. Louis Board of Police Commissioners.

**Jurisdiction and Venue**

10.     Plaintiff brings this action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violation of his civil rights including but not limited to violation of the Fourth Amendment and the Fourteenth Amendment to the United States Constitution as well as similar provisions of the Constitution of the State of Missouri when Plaintiff, an unarmed individual, was shot in the back by Defendant Cornelius Coe.

11.     Jurisdiction is conferred by 28 U.S.C. §1343 which provides for original jurisdiction of this Court in any civil action to redress the deprivation under color of state law, statute or ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens and to recover damages under any Act of Congress providing for protection of civil rights. Plaintiff's actions for damages are authorized by 42 U.S.C. §1983, 42 U.S.C. §1988, the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

12.     Plaintiff hereby requests supplemental jurisdiction of his state law claims pursuant to 28 U.S.C. §1367 as Plaintiff's state law claims are so related to the claims giving rise to original jurisdiction in this Court that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) because the events or omissions giving rise to Plaintiff's claims occurred in St. Louis, Missouri.

## Factual Allegations

14.     On or about March 8, 2025, officers with the St. Louis Metropolitan Police Department responded to a call involving a license plate hit on a vehicle wanted for felony stealing.

15.     At approximately 1:13 a.m., Officer Sneed with the St. Louis Metropolitan Police Department located the vehicle (a Ford F-150) and attempted to conduct a traffic stop of the vehicle.

16.     The vehicle initially stopped, however, as Officer Sneed approached the vehicle, the driver of the vehicle began driving the vehicle.

17.     Officer Sneed pursued the vehicle and additional officers with the St. Louis Metropolitan Police Department responded to assist in the pursuit of the vehicle.

18.     Defendant Coe and his partner Officer Mitchell were in the North Patrol parking lot and overheard Officer Snead call out a traffic stop. A short time later, they heard Officer Snead called out that the vehicle was fleeing the scene at a high rate of speed.

19.     After hearing Officer Snead call out that the vehicle was leaving the scene and was in the area near Natural Bridge, Defendant Coe and Officer Mitchell assisted in the pursuit of the vehicle as this area was within their area of patrol.

20. Defendant Coe and Officer Mitchell located the vehicle turning west on Lillian Avenue from Kingshighway Boulevard.

21. Defendant Coe and his partner Officer Mitchell began pursuing the vehicle in their patrol car.

22. At the time Defendant Coe and Officer Mitchell began pursuing the vehicle, they did not have information regarding the identity of the occupants of the vehicle or whether the occupants were armed.

23. Upon information and belief, after turning onto Lillian Avenue, the vehicle turned north into an alley. Upon reaching the intersection, the vehicle struck a pole causing the vehicle to become disabled.

24. Plaintiff Vincent Simmons exited the vehicle and entered a nearby alley on foot.

25. Plaintiff Vincent Simmons was unarmed when he exited the vehicle and entered the nearby alley on foot.

26. Upon information and belief, Defendant Coe and Officer Mitchell exited their patrol car and pursued Plaintiff Vincent Simmons into the alley.

27. Defendant Coe manually tapped on his body camera to activate his body camera when he exited his patrol car.

28. Upon information and belief, neither Defendant Coe nor Officer Mitchell had any information that Plaintiff Simmons was armed with any type of weapon at the time Defendant Coe and Officer Mitchell pursued Plaintiff Vincent Simmons into the alley.

29. Upon information and belief, upon exiting the alley, Plaintiff Vincent Simmons entered the rear yard of a nearby vacant property.

7

30.     Defendant Coe drew his department issued firearm when Plaintiff Simmons entered the backyard and followed Simmons into the rear yard.

31.     Defendant Coe turned on a light and saw Plaintiff Vincent Simmons crouched in the corner of the backyard.

32.     Upon information and belief, Defendant Coe did not observe Plaintiff Simmons with a weapon.

33.     Upon information and belief, at no time did Plaintiff Vincent Simmons threaten or move toward Defendant Coe after Plaintiff Simmons entered the backyard.

34.     Upon information and belief, Defendant Coe maintained enough distance from Plaintiff Vincent Simmons so that if Simmons did have a weapon, Defendant Coe did not believe that Simmons was an immediate threat to Defendant Coe.

35.     Officer Mitchell was not present in the backyard when Defendant Coe first observed Plaintiff Simmons crouching near the ground.

36.     Despite Plaintiff Vincent Simmons not being a threat to the safety of Defendant Coe, other officers or the public, Defendant Coe continued to have his department issued firearm pointed at Plaintiff Vincent Simmons.

37.     Plaintiff Vincent Simmons got up from his crouched position on the ground and using both hands attempted to climb a nearby wooden fence.

38.     Upon information and belief, Defendant Coe observed Simmons attempting to climb the fence.

39.     Upon information and belief, Defendant Coe started to run toward Plaintiff Vincent Simmons as Simmons was climbing the fence and began firing his service weapon.

40.     Upon information and belief, Defendant Coe discharged his firearm at least twice.

41.    Vincent Simmons was shot in the back by Defendant Coe.

42.    After being shot in the back, Plaintiff Vincent Simmons was transported to Barnes Jewish Hospital with gunshot wounds near his scapula and in his lower abdomen.

43.    Plaintiff Vincent Simmons suffered injuries to his diaphragm, stomach, pancreas, spleen and small intestine as a result of being shot in the abdomen.

44.    Upon information and belief, from the time Defendant Coe exited his patrol vehicle until after Plaintiff Vincent Simmons was shot, Defendant Coe's body cam was running and captured Defendant Coe's encounter with Plaintiff Simmons including Defendant Coe shooting Plaintiff Simmons.

45.    Upon information and belief, after exiting the vehicle Plaintiff Vincent Simmons was not threat to the safety of Defendant Cornelius Coe, Officer Mitchell or the public.

46.    It was clearly established at the time Defendant Coe shot an unarmed Plaintiff Vincent Simmons in the back that shooting an unarmed individual who was fleeing police and did not pose an immediate or significant threat of serious injury to an officer or anyone violates an individual's constitutional right to be free from the use of excessive force.

47.    At all relevant times mentioned herein, Defendant Coe was acting under color of the statutes, ordinances, regulations, customs and usages of the St. Louis Board of Police Commissioners and individual members Defendants Artega, Brown, Spencer, Jenkins-Gray, McVey and Saracino and the State of Missouri and under the authority of his respective office a police officer.

**COUNT I - EXCESSIVE USE OF FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**
(Defendant Coe)

9

48.     Plaintiff hereby incorporates by reference the allegations and averments contained in Paragraphs 1 through 47 as though fully set forth herein.

49.     Defendant Coe's conduct as described above constitutes actions that shock the conscious under the Fourth and Fourteenth Amendments of the United States Constitution and violated clearly established constitutional and statutory rights. The conduct of Defendant Coe was objectively unreasonable.

50.     Acting within the course and scope of his employment with the St. Louis Metropolitan Police Department and acting under color of state law, Defendant Coe acted without just cause or provocation and with the intent to cause serious bodily harm or death, Defendant Coe assaulted, battered, and shot unarmed Plaintiff Vincent Simmons multiple times in the back.

51.     Instead of taking appropriate measures to assess the situation, Defendant Coe shot Vincent Simmons when the unarmed Simmons was attempting to flee.

52.     Defendant lacked probable cause to shoot Plaintiff Vincent Simmons because Plaintiff did not pose any threat to Defendant or others and Plaintiff was unarmed.

53.     In drawing his firearm and shooting the unarmed Plaintiff Vincent Simmons in the back at least twice, Defendant Coe used more force than was reasonably necessary.

54.     Defendant Coe violated Plaintiff Vincent Simmons' Fourth and Fourteenth Amendment rights because the use of force was excessive and not objectively reasonable as Plaintiff Vincent Simmons was unarmed, did not pose a threat and Defendant Coe shot Plaintiff Vincent Simmons in the back.

55.     The conduct of Defendant Coe as described above deprived Plaintiff Vincent Simmons of his right to be secure in his person against unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and his right not to be deprived of life,

10

liberty, or property without due process of law and to be accorded equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

56. As a direct and proximate result of the unlawful conduct of Defendant Coe, Plaintiff Vincent Simmons suffered physical injuries including but not limited to injuries to his diaphragm, stomach, pancreas, spleen and small intestine, severe pain, mental anguish, and has incurred and will incur medical expenses.

57. The conduct of Defendants was reckless, malicious, wanton, willful and violated Plaintiff Vincent Simmons' constitutional rights and an award of punitive damages is necessary to punish Defendant and to deter others from the same or similar transgression in the future.

WHEREFORE, Plaintiff Vincent Simmons requests judgment for general, special, and punitive damages in a sum that this Court may deem just and reasonable, for costs of the suit and attorneys' fees, and for such other relief as the Court may deem just and equitable.

### COUNT II—ASSAULT AND/OR BATTERY
(Defendant Coe)

58. Plaintiff hereby incorporates by reference the allegations and averments contained in Paragraphs 1 through 57 as though fully set forth herein.

59. When Defendant Coe shot Plaintiff Vincent Simmons, Defendant Coe intended to cause bodily harm, offensive contact or apprehension of bodily harm.

60. When Defendant Coe shot Plaintiff, Defendant Coe thereby caused Plaintiff Simmons to be in apprehension of bodily harm.

61. Defendant Coe purposefully and intentionally shot Plaintiff Vincent Simmons.

62. Defendant Coe used more force than was necessary, and thus, used an unreasonable application of force because using force was not necessary under the circumstances.

11

63. Defendant Coe with the intent to place plaintiff in apprehension of bodily harm shot Plaintiff Vincent Simmons.

64. Defendant Coe's conduct in shooting unarmed Plaintiff Vincent Simmons in the back was intentional and demonstrated a deliberate indifference to Plaintiff's wellbeing and safety.

65. Plaintiff Vincent Simmons did not cause Defendant Coe to reasonably believe that shooting him twice was necessary to protect himself or other against death, serious injury or a forcible felony.

66. As a direct result of the conduct of Defendant Coe, Plaintiff Vincent Simmons suffered permanent physical injury including but not limited to injury to his back, diaphragm, stomach, pancreas, spleen and small intestine as well as mental anguish. Plaintiff has incurred medical expenses and is likely to incur further medical expenses as a result of his injuries.

67. Defendant Coe acted with malice in that he intentionally, deliberately and/or wantonly shot Plaintiff twice in the back when Plaintiff was not a threat to Defendant, other officers or the public and Plaintiff is entitled to an award of punitive damages in an amount that will serve to punish Defendant and to deter others from the same or similar transgression in the future

WHEREFORE, Plaintiff Vincent Simmons requests judgment for general, special and punitive damages in a sum that this Court may deem just and reasonable, for costs of the suit and attorneys' fees, and for such other relief as the Court may deem just and equitable.

**COUNT III - DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT**
**(**Defendants Artega, Brown, Spencer, Jenkins-Gray, McVey and Saracino**)**

12

68.     Plaintiff hereby incorporates by reference the allegations and averments contained in Paragraphs 1 through 67 as though fully set forth herein.

69.     At all relevant times, Defendants Artega, Brown, Spencer, Jenkins-Gray, McVey and Saracino constitute the Board of Police Commissioners (hereinafter collectively referred to as the "Board").

70.     The Board was responsible for the training of all police officers including but not limited to Defendant Coe in the proper use of firearms and performance of their duties as police officers in accordance with the statutes, ordinances, regulations, customs and usages of the State of Missouri.

71.     The Board had in effect, both before and at the time of the events alleged in this Complaint, policies, practices, patterns of conduct or customs which operated to deprive Plaintiff Vincent Simmons of his constitutional rights.

72.     The conduct of the Board as described herein deprived Plaintiff Vincent Simmons of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and to be accorded the equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

73.     The Board is liable under 42 U.S.C. §1983 because their policies, customs and practices including the retention, training, discipline and supervision of law enforcement encourage and allowed those officers to violate the constitutional rights of Vincent Simmons and demonstrates deliberate indifference to Vincent Simmons' right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and his right not to be deprived of life, liberty or property without due process of law and to be accorded equal

13

protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

74.    All the acts or omissions of the Board took place under color of state law pursuant to, acting upon, and in concert with the policies, practices, procedures, patterns, decisions, instructions, orders and customs of the Board and its members. The Board is liable for damages caused by their respective employees and officers' intentional, wrongful, reckless, and negligent acts or omissions while the employees and officers were acting under color of state law and while they were acting within the course and scope of their employment with the St. Louis Metropolitan Police Department. All these acts or omissions took place under circumstances where the Board, as well as Defendant Coe, are liable as governmental entities, employees and sworn law enforcement officers in the State of Missouri. The Board's liability is based upon allegations described in this Complaint all of which demonstrate patterns of behavior and deliberate indifference to the issues raised in this Complaint and to the rights of citizens, all of which led to deprivations of rights, privileges and immunities secured by the federal and states constitution as well as federal and state laws.

75.    The Board engaged in unlawful and unconstitutional policies, practices, and customs, including but not limited to, the following:

        a.    Violation and deprivation of constitutional rights as set forth in this Complaint;

        b.    Inadequate training and instruction of employees on the proper use of police power, proper seizure, proper searches, use of deadly force and investigation of alleged crime in the State of Missouri;

14

c. Inadequate supervision of employees as to the proper use of police power, proper seizures, proper searches, use of deadly force and investigation of crime in the State of Missouri;

d. Inadequate discipline of employees as to the proper use of police power, proper seizures, proper searches, use of deadly force and investigation of crime in the State of Missouri;

e. Inadequate supervision, training, and retention with resulting poor personnel decisions as to employees regarding the proper use of police power, proper seizure, proper searches, use of deadly force and investigation of alleged crime in the State of Missouri;

f. Failure to take significant steps to prevent known risk of excessive use of force and improper seizure;

g. Deliberate indifference to and conscious disregard for the high risk that law enforcement officers would improperly use their influence as law enforcement officers and/or fail to protect against such improper influence in violation of Vincent Simmons' rights; and,

h. Failure to take significant steps to prevent a known risk of the wrongful use of deadly force.

76. These actions, omissions, policies, practices, procedures, patterns, decisions, orders and customs of the Board were the cause of constitutional and other violations described in this Complaint. These interrelated policies, practices, and customs, separately and together, were implemented intentionally to deprive individuals including Vincent Simmons of their constitutional rights or, at the very least, were implemented with recklessness or deliberate

15

indifference to the rights of individuals and were a direct and proximate cause of the constitutional violations as set forth in this Complaint.

77.     The Board ratified and implemented, before and during the relevant period, each of the policies, practices, patterns of conduct and customs described herein. The Board's custom or practice was so well settled as to constitute custom or usage with force of law, authorizing the use of deadly force was a moving force of the shooting of and injuries suffered by Vincent Simmons.

78.     At the time of the events described in this Complaint, Vincent Simmons had a clearly established constitutional right under the Fourth Amendment to be free from unreasonable search and seizure and his right to be free from excessive force by law enforcement guaranteed to him under the Fourteenth Amendment to the United States Constitution.

79.     As a direct result of the Board's conduct, Plaintiff's constitutional rights were violated, Plaintiff suffered personal injuries including but not limited to injuries to his diaphragm, stomach, pancreas, spleen and small intestines, severe pain, mental anguish, and has incurred and will incur medical expenses.

80.      Plaintiff is entitled to monetary relief for his actual damages and is entitled to punitive damages as the actions of the Board were intentional and demonstrated a reckless disregard for human health, safety and deliberate indifferent to Vincent Simmons constitutional rights.

WHEREFORE, Plaintiff requests judgment for general, special, and punitive damages in a sum that this Court may deem just and reasonable, for costs of the suit and attorneys' fees, and for such other relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues.

16

Respectfully submitted,


*/s/William P. Denning*

| William P. Denning | MO #52869 |
|---|---|
| Paeten E. Denning | MO #72180 |

Denning Law Firm, LLC
8900 Indian Creek Pkwy, Suite 210
Overland Park, KS 66210
Telephone:     (816) 702-8400
Facsimile:     (816) 702-8401
wdenning@denninglawfirm.com
pdenning@denninglawfirm.com
***ATTORNEYS FOR PLAINTIFF***

17